IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Petitioner, | ) | Civil Case No. 7:22-cv-00115 |
| v. | ) | |
| | ) | |
| J.C. STREEVAL,[1] | ) | By: Elizabeth K. Dillon |
|     Respondent. | ) | United States District Judge |

**MEMORANDUM OPINION**

Leon Johnson, a federal inmate proceeding *pro* se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge a life sentence imposed in 2005. He argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, and thus, the court should consider his petition pursuant to the saving clause. *See* § 2255(e). The court stayed this action pending the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023). The stay was lifted after *Jones* was decided, and the government moved to dismiss (Dkt. No. 16), which motion is before the court for consideration.

For the reasons stated below, the government's motion will be granted.

I.  BACKGROUND

In 2005, Johnson was convicted by a jury in the Northern District of Iowa of three federal firearm violations and two federal drug violations. The court found that Johnson had two qualifying prior drug convictions, one of which was a conviction in Illinois for distribution of

---

[1] Streeval is the Warden of USP-Lee, located in the Western District of Virginia. Petitioner was confined at USP-Lee when this action was filed, but he has since been transferred to USP-McCreary in Kentucky. (Dkt. No. 12.) Typically, the proper venue for an action pursuant to 28 U.S.C. § 2241 is the judicial district where the petitioner is incarcerated. Also, the proper venue for an action pursuant to 28 U.S.C. § 2255 is the court that imposed the sentence being challenged, which in this case is the Northern District of Iowa. *See* §§ 2255(a), 2255(e). However, the government has not objected to venue in this jurisdiction, so the court considers the issue to be waived. *See Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (holding that the venue language "within their respective jurisdictions" in § 2241(a) is "waived if not timely asserted").

cocaine, which enhanced Johnson's sentence on count five[2] from a mandatory minimum of 10 years to a mandatory minimum of life pursuant to 21 U.S.C. § 851(a)(1). The court sentenced Johnson to life pursuant to the § 851 enhancement. The Eighth Circuit upheld Johnson's convictions and sentence on appeal. *See United States v. Johnson*, Case No. 1:04-cr-108 (N.D. Iowa). Johnson filed a § 2255 motion which was denied. *Johnson v. United States*, Case No. 1:08-cv-23 (N.D. Iowa).

In this action, Johnson argues that pursuant to the Seventh Circuit's decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), his Illinois cocaine conviction would no longer qualify as a predicate for a § 851 enhancement. Based on this intervening change in statutory interpretation, Johnson argues that he should be allowed to bring this challenge through the saving clause. *See United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).

## II.  ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Section 2255(h) provides that a second or successive motion cannot be considered except in the following circumstances:

> (h) A second or successive motion must be certified, as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[2] Count five was for possession with intent to distribute or attempt to distribute five or more grams of cocaine base within 1,000 feet of a school. 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851, 860.

Thus, if this action is considered an action pursuant to § 2255, the court lacks jurisdiction to consider Johnson's claims because Johnson has previously filed a § 2255 motion, and he has not satisfied the requirements of § 2255(h). Pursuant to the saving clause, however, Johnson's challenge to his sentence can be heard under § 2241 if § 2255 is considered "inadequate or ineffective to test the legality of his detention." § 2255(e). Prior to the Supreme Court's decision in *Jones*, the Fourth Circuit applied the saving clause in the following situations:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). In addition, the Fourth Circuit extended this test to cover sentencing claims:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

This authority was abrogated by *Jones*. 599 U.S. at 477 (listing cases from various jurisdictions that have "found a workaround" in the saving clause, including the Fourth Circuit's decision in *In re Jones*, and stating that "[w]e now hold that the saving clause does not authorize such an end-run around AEDPA"); *Johnson v. Dunbar*, C/A No. 5:22-3677-JD-KDW, 2023 WL 52110952, at *2–3 (D.S.C. July 12, 2023) (recognizing abrogation of *In re Jones* and *Wheeler*).

3

*Jones* emphasized that the saving clause applies to "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." 599 U.S. at 474. Additionally, the saving clause "ensures that § 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." *Id.* at 475 (emphases in original). With respect to AEDPA, however, *Jones* reinforced that "[s]ection 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." *Id.* at 480. That "limitation on second or successive motions" does not make § 2255 "inadequate or ineffective" such that Johnson may proceed under § 2241. *Id.* at 470. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 480.

Johnson's inability to satisfy the restrictions in § 2255 does not mean that he can bring his claim in a § 2241 petition under the saving clause. Johnson also does not identify any "unusual circumstances" making it "impossible or impracticable" for him to seek relief from the court that imposed his sentence,[3] and he is not challenging the legality of his detention beyond the collateral attack on his sentence.[4] Accordingly, the court lacks jurisdiction to consider Johnson's claim.

---

[3] "The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose . . . . The saving clause might also apply when 'it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Jones*, 599 U.S. at 474–75 (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)). The Court explained that § 2255 was enacted eight years before legislation that funded the Interstate Highway System. "At that time, it would not be surprising if removing a prisoner from the penitentiary, transporting him to the sentencing court for a hearing, and taking him back to prison again sometimes posed difficulties daunting enough to make a § 2255 proceeding practically unavailable." *Id.* at 475 n.2.

[4] "To give a few examples, a prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones*, 599 U.S. at 475.

4

## III.  CONCLUSION

For the foregoing reasons, the court will issue an appropriate order granting the government's motion to dismiss and dismissing this action for lack of subject matter jurisdiction.

Entered: October 24, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge